UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FASTINO GARCIA-ARRIETA,

v.                                                    Case No. 8:05-cr-385-T-17TBM
                                                              8:11-cv-40-T-17TBM

UNITED STATES OF AMERICA.

_____

**O R D E R**

This cause is before the Court on Defendant Garcia Arrieta's untimely motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (hereinafter "motion" or "motion to vacate"). (Doc. cv-1; cr-172). A review of the record demonstrates that the motion to vacate must be **denied**.

**BACKGROUND**

In September 2005, a grand jury in the Middle District of Florida returned an indictment charging Garcia-Arrieta and four others with possession with the intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and conspiracy to commit same. (Doc. 1). These charges stemmed from the interdiction of the defendant and his four co-defendants while they were engaging in a drug smuggling venture aboard a go-fast vessel in international waters off the coast of Colombia. (PSR at ¶¶ 7-8). According to the investigation, the defendant was the captain or master of this go-fast vessel and had ordered his crew to jettison their illicit cargo – which consisted of approximately 1,500 kilograms of cocaine – prior to being

apprehended. (PSR at ¶¶ 9-12).

Following his arraignment on the Indictment, Garcia-Arrieta was appointed attorney Craig Epifanio as his counsel and, on November 8, 2005, entered an "open plea" to the Indictment without a written plea agreement. (Docs. 39, 40, 46, 173). On January 31, 2006, the Court sentenced Garcia-Arrieta to a term of imprisonment of 210 months. (Doc. 76).

Garcia-Arrieta timely appealed his sentence, arguing that he should have been awarded a hearing on the issue of his eligibility for the safety valve reduction. The Eleventh Circuit agreed with Garcia-Arrieta and remanded his case solely on the issue of the safety valve. (Doc-143); *United States v. Garcia-Arrieta*, 190 Fed. App'x 918, 920-21 (11th Cir. 2006). The Eleventh Circuit noted, however, that its remand was "limited" and that, at his re-sentencing, Garcia-Arrieta could "not re-argue issues already or necessarily decided during the first sentencing which either have been affirmed in this appeal or could have been but were not raised by him during this appeal." *Garcia-Arrieta*, 190 Fed. App'x at 921 & n. 2.

Shortly before Garcia-Arrieta's resentencing hearing, which was held on January 26, 2007, Garcia-Arrieta met with law enforcement and "provided [them with] sufficient information concerning the offense . . . that he . . . [had] not [been] willing to provide or admit to previously concerning individuals" with whom he had been involved. (Doc-175 at 6-7). As a result of this debriefing, the government recommended that Garcia-Arrieta be awarded the safety-valve reduction. *Id.* at 7. After insuring both that Garcia-Arrieta was satisfied with the outcome of the debriefing and that he did not wish to raise any other issues, the Court determined that he had met the safety valve requirements and sentenced him principally to a term of imprisonment of 168 months. Id. at 7-17, 20. Garcia-Arrieta did

not appeal this sentence.

Nearly four years later, however, on January 6, 2011, Garcia-Arrieta filed the instant section 2255 motion.

## GARCIA-ARRIETA'S SECTION 2255 MOTION IS TIME-BARRED

The timeliness of Garcia-Arrieta's section 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which establishes a one-year statute of limitations period for federal prisoners seeking 2255 relief. 28 U.S.C. § 2255(f). The AEDPA provides, in particular, that a defendant has one year from the date his judgment of conviction becomes final to file his section 2255 motion. *Id.; Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir. 2002). As this Court has made clear, AEDPA's one-year statute of limitations period "is a strict deadline intended to create finality for the judicial system." *Castro-Sanchez v. United States*, No. 8:10-cv-509-T-17TBM, 2010 WL 3154328, at *4 (M.D. Fla. Aug. 9, 2010) (Kovachevich, J.) (citing *Dodd v. United States*, 365 F.3d 1273, 1279 (11th Cir. 2004), aff'd, 345 U.S. 353 (2005)). "Thus, even a few days delay beyond the one-year limit is grounds for denying a motion." *Id.* (citing *Close v. United States*, 336 F.3d 1283 (11th Cir. 2003)).

For purposes of calculating the AEDPA's one-year limitations period, the judgment of a defendant who elects not to file a notice of appeal is deemed final when the time for the filing of his appeal from his resentencing has passed. See Fed. R. App. Proc. 4(b)(1)(A)(i); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000); *Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999); *cf. Ferreira v. Sec'y for Dep't of Corr.*, 494 F. 3d. 1286, 1288 (11th Cir. 2007) (re-starting the section 2254 filing period at resentencing that corrected an illegal sentence pursuant to a habeas petition, holding that

"AEDPA's statute of limitations runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction and sentence the petitioner is serving become final.").

In this case, the time period in which Garcia-Arrieta had to file his notice of appeal under the rules in effect at the time of his resentencing was ten business days measured from the date of the entry of his judgment. *Id.* As such, Garcia-Arrieta's judgment became final under the AEDPA on February 12, 2007, and he had until February 12, 2008 to file his section 2255 motion. By filing his section 2255 motion almost three years later, however, Garcia-Arrieta's motion to vacate is out of time. See 28 U.S.C. § 2255 ¶(f)(1).

Garcia-Arrieta's effort to avoid AEDPA's "strict," one-year filing deadline by invoking the doctrine of equitable tolling is unavailing. While it is true that the "timeliness provision in the federal habeas corpus statute is subject to equitable tolling," *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010), this doctrine is available only when a petitioner establishes both extraordinary circumstances and due diligence. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). The Eleventh Circuit has cautioned in this regard that equitable tolling is an "extraordinary remedy which is typically applied sparingly," *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000), and has found it appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The Eleventh Circuit has additionally held that an "inmate bears a strong burden to show specific facts to support her claim of extraordinary circumstances and due diligence," *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008), and that a "petitioner is not entitled to equitable tolling based on a

showing of either extraordinary circumstances or diligence alone; the petitioner must establish both," *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir 2006).

Garcia-Arrieta has not met his heavy burden here. The gist of his equitable tolling argument is that his nearly three year delay in filing his section 2255 motion after the one-year deadline should be excused because he is indigent, speaks only Spanish, has no knowledge of the law, and has thus had to rely on the erroneous advice of jailhouse lawyers regarding the merits of his claims. (Doc. cv-1 at 1-2). As numerous Courts have held, however, none of these reasons constitute an extraordinary circumstance. *See, e.g., Jackson v. Astrue,* 506 F.3d 1349, 1355 (11th Cir. 2007) (noting that "traditional equitable tolling principles require" a demonstration of "extraordinary circumstances, such as fraud, misinformation, or deliberate concealment"); *United States v. Montano*, 398 F.3d 1276 (11th Cir. 2005) (holding that being illiterate and/or having problems communicating in the English language are insufficient grounds to permit equitable tolling); *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1313-14 (11th Cir. 2001) (petitioner's sworn declaration regarding deficiencies in the prison library that allegedly thwarted his attempts to ascertain the applicable statute of limitations regarding a section 2254 petition was insufficient to support a claim of equitable tolling).[1]

---

[1] *See also Yang v. Archuleta,* 525 F.3d 925, 929 (10th Cir. Apr. 22, 2008) (stating that, in unpublished opinions, the Tenth Circuit has "consistently and summarily refused to consider [lack of proficiency in the English language] as extraordinary, warranting equitable tolling"); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); *Shannon v. Newland,* 410 F.3d 1083, 1090 (9th Cir. 2005) (observing that, in each of the cases in which equitable tolling has been applied, the requisite "extraordinary circumstances" has been based on "wrongful conduct" that "actually prevented the prisoner from preparing or filing the habeas petition"); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law does not justify equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (holding that pro se status and lack of access to an attorney do not warrant equitable tolling); *Felder*

Nor has Garcia-Arrieta demonstrated due diligence. He does not explain, for example, why he did not raise his current grounds for relief prior to pleading guilty or on appeal, all while represented by counsel. Nor does he address what impediments prevented him from filing a timely motion in Spanish by himself. In addition, Garcia-Arrieta has not tendered any independent documentation supporting his assertions that he attempted to hire different attorneys or paralegals.

In light of the untimely filing of his section 2255 motion and his failure to meet his heavy burden of demonstrating both extraordinary circumstances and due diligence justifying his delay, Garcia-Arrieta's section 2255 motion must be dismissed as time-barred.

Accordingly, the Court orders:

That the Government's motion to dismiss Garcia-Arrieta's 28 U.S.C. § 2255 motion to vacate, set aside or correct an illegal sentence (Doc. cv-1; cr-172) is granted. The motion to vacate is denied. The Clerk is directed to enter judgment against Garcia-Arrieta and to close this case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

---

*v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim"); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (pro se status, illiteracy, deafness, and lack of legal training are not external factors sufficient to excuse or extend limitations period); *Villanueva v. United States*, No. 98-cv-1883-HBJCF, 1999 WL 298629, at *1 (S.D.N.Y. May 12, 1999) ("there is no authority for the petitioner's contention that the statute of limitations should be tolled because of the inadequacy of the prison's law library or because he was indigent and unlettered."); *Tate v. Pierson*, 177 F.Supp.2d 792, 801 (N.D. Ill. 2001) ("Proceeding pro se with limited legal skills and limited access to legal materials is not an exceptional circumstance for a habeas petitioner."); *Henderson v. Johnson*, 1 F.Supp.2d 650, 656 (N.D. Tex.1998) (claim by prisoner that he was entitled to equitable tolling, because he " 'did not know what to do,' " is "archetypal" for pro se prisoners seeking federal habeas relief and "far from the extraordinary circumstances required to toll the statute").

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on June 28, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Christopher Tuite
Faustino Garcia Arrieta